REEVES & COMPANY v. J. H. BOYD.[1]

May 19, 1911.

Nos. 17,085—(131).

**Counterclaim — evidence.**

    Action upon two promissory notes, the payment of which was guaranteed by the respondent. *Held*, that the allegations of his answer are sufficient to constitute a counterclaim, and that the evidence is sufficient to sustain the verdict allowing the counterclaim.

Action in the district court for Polk county to recover the balance due upon two promissory notes guaranteed by defendant Boyd. His defense is stated in the opinion. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for

[1]Reported in 131 N. W. 336.

$277.42. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Sharp & Chapin* and *Turner & Murphy,* for appellant.

*A. A. Miller,* for respondent.

START, C. J.

This action was brought in the district court of the county of Polk to recover the amount of two promissory notes, one for $500, the other for $550, executed by the defendant Booher, payment of which was guaranteed by the defendant Boyd, hereafter referred to as the defendant.

The complaint charges Booher as maker of the notes and the defendant on his contracts of guaranty indorsed on the back of the notes respectively. The defendant only answered, admitting the execution of the notes and his contract of guaranty, and alleging as a defense that the contracts of guaranty were executed upon a condition, which had not been complied with, and for a consideration which had failed. He also alleged a counterclaim for damages on account of breach of warranty therein alleged. The plaintiff interposed separate demurrers to the defense and to the counterclaim. The trial court overruled the demurrer to the defense, and sustained the demurrer to the counterclaim, with leave to amend. The defendant then amended his answer alleging the same defense, and also a counterclaim for damages. The allegations of the answer material to the counterclaim are, briefly stated, to the effect following:

Booher agreed with the defendant, in April, 1907, to plow for him seven hundred acres of land owned by him during the spring or early summer of that year, so it would be ready for a crop for the next year, for $1.50 per acre. Booher desired to purchase a steam plowing outfit, consisting of a set of twelve plows and a twentyfive horse power steam engine. He and the plaintiff entered into an arrangement for the sale and purchase of such an engine for which Booher was to pay $2,000, in accordance with four promissory notes, two of which were the notes here guaranteed. The

plaintiff required a guaranty of payment of two of the notes before completing the sale, and by its agent applied to the defendant to guaranty the two notes, who stated to the agent that he would not do so unless the engine would be capable of properly operating the set of plows referred to, so that his plowing could be done in proper time. Thereupon the agent represented to him that the plaintiff had put the engine in good condition and thoroughly repaired it, and that it was then capable of operating the plows in a proper and satisfactory manner. The defendant, relying upon such representations, and not otherwise, then signed the contracts of guaranty upon two of the notes given by Booher for the engine, as requested by the agent. Each of such representations was false, and then known to be by the plaintiff's agent. The engine was not in good repair, and could not operate the set of plows, or be made to do so, with the result that the plowing outfit and the work of plowing the defendant's land had to be and were abandoned, and five hundred eighty-four acres of the seven hundred were necessarily left unplowed. Booher is insolvent, and by reason of his failure, and the delays caused by the attempts of the plaintiff to make the engine work properly, the defendant was unable to procure the plowing of the land left unplowed in time to raise a crop thereon for the year 1908, to his damage in the sum of $1,000.

The plaintiff replied, putting in issue the allegations of the answer and counterclaim. The trial court submitted to the jury only the counterclaim, and directed them to return a verdict for the plaintiff for the amount claimed, unless the defendant had sustained his counterclaim; but, if he had, they would ascertain the amount of his damages, strike a balance between the amount thereof and the amount of plaintiff's claim, and return a verdict accordingly. No exception was taken to the charge of the court as to the measure of damages at any time. The verdict was for the plaintiff in the sum of $277.42, and it appealed from an order denying its blended motion for judgment or a new trial.

1. The first contention of the plaintiff is that the court erred in receiving any evidence in support of the counterclaim, because the court, having sustained the demurrer to the original counter-

claim, as alleged, there was no issue to be tried as to the counter-claim. The defendant amended his answer, including the counter-claim, and the reply tendered an issue as to both. The only question as to this counterclaim is whether the allegations of the amended answer were sufficient to constitute a counterclaim. The allegations of the amended answer relevant to the counterclaim are different in some material respects from those of the original answer, and we hold that they are sufficient to constitute a counterclaim.

It is also urged that no proper measure of damages was alleged in the counterclaim. General damages only were claimed, and they were properly alleged in the answer.

2. The last contention of plaintiff to be considered is that the evidence is wholly insufficient to sustain any part of the defendant's counterclaim; hence the plaintiff was entitled to the full amount of his demand. There was evidence tending to prove the allegations of the answer relevant to the counterclaim, including damages, and the question whether such evidence is sufficient to sustain the verdict as to the counterclaim depends upon whether the plaintiff is bound by the action of its agent in the premises. It is the contention of the plaintiff that it was not so bound, for the reason that the action of the agent was without authority, and that the defendant had notice of the limitation of the agent's authority.

The evidence shows that the whole transaction as to the securing of the defendant's contracts of guaranty was had by and between the agent and the defendant. The agent was authorized and directed to secure such guaranty, and the defendant had no notice or knowledge of any limitation upon his authority in the premises. We have carefully considered the evidence relied upon by the plaintiff to show that he did have such notice and knowledge, and find that the evidence does not sustain its contention in this respect. The contracts of guaranty, which the agent secured from the defendant upon the condition and representations alleged in the answer, and which are the sole basis of plaintiff's cause of action against the defendant, are separate and independent of the agreement between plaintiff and Booher for the sale of the engine, and also of a prior

agreement of the defendant to guaranty two notes to be given by Booher. We hold that the verdict is sustained by the evidence.

Order affirmed.